IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YAFREISI PEREYRA-MATOS<br><br>Defendant. | CRIMINAL NO. 17-631 (GAG) |

## REPORT AND RECOMMENDATION

Defendant Yafreisi Pereyra-Matos was charged in a one count Indictment and she agreed to plead guilty to the only count under a straight plea. Count One charges Defendant with reentry of deported alien, in violation of Title 8, United States Code, Section 1326 (a).

On February 1, 2018, Defendant appeared before this Magistrate Judge since the Rule 11 hearing was referred by the court. Defendant was provided with the Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed her intention to plead guilty to Count One of the Indictment under a straight plea, upon being advised of her right to have said proceedings before a district judge of this court.[1] Upon verifying through Defendant's statement her age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States v. Yafreisi Pereyra-Matos
Criminal No. 17-631 (GAG)
Report and Recommendation
Page No. 2

with this Magistrate Judge, a determination was made as to Defendant's competency and ability to understand the proceedings.

Having further advised Defendant of the charges contained in above-stated Count One, she was examined and verified as being correct that: she had consulted with her counsel, Lillian Miranda-Rodríguez, prior to the hearing, that she was satisfied with the services provided by her legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and charges therein, her constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing her initial plea of not guilty and now entering a plea of guilty to the charges specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. She was also waiving her right to be presumed innocent and for the Government to meet the obligation of establishing her guilt beyond a reasonable doubt. Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. She was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact if she decides not to testify. Defendant was also explained her right not to incriminate herself; that upon such a waiver of all above-

discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, Defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, indicated she freely and voluntarily waived those rights and understood the consequences. During all this colloquy, Defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Defendant expressed her understanding of the penalties prescribed by statute for the offenses as to which she was pleading guilty. The statutory penalty for the offense charged in Count One of the Indictment is a term of imprisonment of not more than two (2) years; a fine not to exceed two hundred and fifty thousand dollars ($250,000.00); and a supervised release term of not more than one (1) year. Defendant shall also pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction.

Defendant acknowledged having discussed with her counsel the consequences of entering a straight plea and understanding the same.

Insofar as Count One as to which Defendant already was aware of the maximum possible penalties, Defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on her will be.

Defendant was specifically informed that any sentencing calculations she could have discussed with her counsel were not binding for the sentencing court, but were only

United States v. Yafreisi Pereyra-Matos
Criminal No. 17-631 (GAG)
Report and Recommendation
Page No. 4

estimates of possible terms of his sentence, which could always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof of the pre-sentence report that the court would have before it at the time of imposition of the sentence. The Government, Defendant, and her counsel also expressed they are aware the Sentencing Guidelines are no longer mandatory and are thus, considered advisory.

The Government presented to this Magistrate Judge and to Defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the Government had available to establish, in the event Defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and Defendant acknowledged the evidence of the Government was fully disclosed to them and previously discussed between them. Defendant agreed with the Government's statement of facts.

Having once more ascertained that Defendant indicated not being induced to plead guilty, and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, Defendant was informed that parole has been abolished under the applicable Sentencing Reform Act and that any sentence of imprisonment would be served, without her being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to her, to her counsel and to the Government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that she can appeal her conviction if she believes that her guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by her guilty plea. Defendant was also informed that she has a statutory right to appeal her sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case.

Defendant is an alien and she acknowledged that pleading guilty and entering into the plea may have negative effects upon Defendant's immigration status with the United States, which may include deportation or removal.

Defendant was read Count One of the Indictment in open court and she indicated she availed herself of the opportunity to further discuss same with her attorney. Then, she positively stated that she was pleading to the offense charged in Count One because that was what she had done and to which she was pleading guilty during these proceedings. Thereupon, Defendant indicated she was pleading guilty under a straight plea to Count One of the Indictment in Criminal No. 17-631 (GAG).

This Magistrate Judge after having explained to Defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty under a straight plea, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 17-631 (GAG).

IT IS SO RECOMMENDED.

The sentence will be set before Honorable Gustavo A. Gelpí, District Judge. Defendant will request via motion an expedited PSR and sentencing date.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). See also Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, this 7th day of February of 2018.

    s/ CAMILLE L. VELEZ-RIVE
    CAMILLE L. VELEZ-RIVE
    UNITED STATES MAGISTRATE JUDGE